## CHILDERS REALTY, INC.

### v.

### Tina KELSEY.

Supreme Judicial Court of Maine.

Submitted on Briefs March 5, 1990.
Decided April 9, 1990.

Robert B. Cumler, Davidson & Cumler, Waldoboro, for plaintiff.

Tina Kelsey, Rockland, pro se.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Childers Realty, Inc. appeals a judgment for defendant Tina Kelsey, following a non-jury trial, in an action for specific performance of a contract for the sale of real estate in Rockland. Childers argues that the Superior Court (Knox County, *Chandler, J.*) erroneously found that Childers made a demand entitling Kelsey to avoid the contract, and that the court erred in permitting Kelsey to litigate an affirmative defense after filing only a general denial and in allowing Kelsey to retain a deposit. We modify the judgment and affirm as modified.

Childers and Kelsey entered into a contract in August 1987 for the sale of Kelsey's Rockland property to Childers for $38,000, of which $1,000 was deposited in escrow. The contract called for the property to be conveyed by warranty deed, free and clear of any encumbrances. In an unrelated transaction, Kelsey negotiated with the Camden National Bank for an unsecured personal loan of $5,000, to be used for educational purposes. About two weeks before the closing, Childers' lawyer informed Kelsey's lawyer that there were four outstanding mortgages and also stated that Kelsey had a $5,000 unsecured loan "which must be paid." Kelsey objected to paying the unsecured note and expressed surprise at the recapture amount claimed on two FmHA mortgages. She did not convey the property. Childers sued for specific performance, damages and punitive damages. Prior to trial the court permitted Kelsey to file a late amended answer to the amended complaint, provided that Kelsey would assert no affirmative defense or counterclaim. Childers elected to proceed on the claim for specific performance only.

The trial court found that Childers' communication with respect to the unrelated $5,000 note constituted a demand that the note be paid at the closing. The court held that this demand allowed Kelsey

to avoid the contract and that Childers forfeited the deposit as liquidated damages. Contrary to the plaintiff's contentions, the court's finding is not clearly erroneous, nor is it based on an affirmative defense, M.R. Civ.P. 8, or counterclaim, M.R.Civ.P. 13, in violation of the pretrial proviso. Moreover, because both parties were aware of the factual basis for avoidance of the contract and the plaintiff had ample opportunity to meet the issue, the plaintiff was not prejudiced by the fact that Kelsey failed to specifically allege the matter pursuant to M.R.Civ.P. 9(c).

■ The trial court's declaration that Kelsey retain the $1,000 deposit as liquidated damages was error. Although the contract for sale, introduced in evidence by the plaintiff, contains a default clause providing for forfeiture of the deposit, the court was precluded by its pretrial proviso from granting affirmative relief. Moreover, the issue was not tried with the plaintiff's express or implied consent.

The entry is: **Judgment modified by striking reference to the $1,000 deposit, and as modified, affirmed.**

All concurring.